```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LYNA WOO,                                           :

                Plaintiff,                          :     REPORT AND
                                                          RECOMMENDATION
     -against-                                      :
                                                          13 Civ. 8695 (AJN) (GWG)
                                                    :


NYPD, ET AL.,                                       :

                Defendants.                         :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Background

     Plaintiff Lyna Woo filed her original complaint in this matter on December 5, 2013.  See Complaint (Docket #2).  She subsequently filed three amended complaints.  See Amended Complaint, filed Jan. 14, 2014 (Docket #9); Second Amended Complaint, filed Jan. 15, 2014 (Docket #10); Third Amended Complaint, filed Jan. 31, 2014 (Docket #16) ("Third Am. Comp.").  Judge Nathan instructed the plaintiff to effect service of the Third Amended Complaint within 120 days of the date on which the summons was issued, the time period provided in Rule 4(m) of the Federal Rules of Civil Procedure.  See Order dated Jan. 31, 2014 (Docket #14).

     On April 16, 2014, plaintiff filed proof of service reflecting that she had served the "Second Amended Complaint" on defendants the New York City Police Department and Detective Vincent Gannon (Docket ## 23 and 24).  A letter from the Law Department confirmed that Plaintiff had served only the Second Amended Complaint, not the Third Amended Complaint, on these defendants.  See Letter, filed Apr. 25, 2014 (Docket #25).  Plaintiff conceded that she had never served the remaining defendant, Jeananne Martinez, at all.  See Letter from Lyna Woo, filed Apr. 16, 2014 (Docket #22).  Thus, none of the defendants was served with the Third Amended Complaint.

     On May 16, 2014, the undersigned issued an Order denying plaintiff's request to file a further amended complaint but granting her request for an extension of time to serve the Third Amended Complaint on the defendants.  See Order, filed May 16, 2014 (Docket #28).  That Order directed the plaintiff to "personally serve the summons, the third amended complaint, and a copy of this order on all Defendants within 120 days from the date that the summons is issued."  Id. (emphasis in original).  The Order specifically warned plaintiff that if she did not effect service or request an extension of time to do so within the 120 days, "the action may be

1

dismissed under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute."
Id.  The docket sheet reflects that on May 19, 2014, the Clerk's Office issued a summons and
mailed the plaintiff, who is proceeding in forma pauperis, a "Service Package," which included
an original summons, copies of the summons, United States Marshal (U.S.M.-285) forms, copies
of the complaint, and other materials.  See Docket Entry dated May 19, 2014.  Even though
plaintiff has consented to receive electronic service of all court filings in this matter, see Docket
#11, it appears that the Clerk's Office also mailed the plaintiff a copy of the May 16 Order, see
Docket Entry dated May 19, 2014.

   Both the original 120-day period of service and the additional time period provided in the
May 16 Order have expired.  To date, there has been no evidence filed that the Third Amended
Complaint has been served on any of the defendants.  Nor has there been an application for an
extension of time that shows good cause for such failure.  In addition, the Court's clerk learned
from the United States Marshals Service that plaintiff has never made a request to effectuate
service of the Third Amended Complaint..

   Accordingly, the Court issued an Order to Show Cause on October 1, 2014 (Docket #29),
directing plaintiff to explain why the case should not be dismissed under Rule 4(m) of the
Federal Rules of Civil Procedure.  The Order stated that plaintiff should make this showing by
affidavit or declaration filed on or before October 10, 2014.  Id. at 3.  It also warned plaintiff that
"failure to comply with this Order may in itself result in dismissal of this action."  Id.  To date,
plaintiff has made no response to the Order to Show Cause.

Discussion

   Federal Rule of Civil Procedure 4(m) provides:

   If a defendant is not served within 120 days after the complaint is filed, the court
   — on motion or on its own after notice to the plaintiff — must dismiss the action
   without prejudice against that defendant or order that service be made within a
   specified time.  But if the plaintiff shows good cause for the failure, the court
   must extend the time for service for an appropriate period.

"A party seeking a good cause extension bears a heavy burden of proof."  Beauvoir v. U.S.
Secret Serv., 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (alteration, internal quotation marks and
citations omitted).  "Good cause exists only in exceptional circumstances, where the
insufficiency of service results from circumstances beyond the plaintiff's control."  Sikhs for
Justice v. Nath, 893 F. Supp. 2d 598, 608 (S.D.N.Y. 2012) (quoting Khanukayev v. City of New
York, 2011 WL 5531496, at *3 (S.D.N.Y. Nov. 15, 2011)).  Thus, "neglect and inadvertence do
not suffice to support good cause."  Jonas v. Citibank, N.A., 414 F. Supp. 2d 411, 416 (S.D.N.Y.
2006) (citation omitted).  In considering whether good cause exists, "the court should look to
whether the plaintiff was diligent in making reasonable efforts to effect service, including but not
limited to whether plaintiff moved . . . for an extension of time in which to serve the defendant."
AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt. L.P., 197 F.R.D. 104, 108 (S.D.N.Y.
2000) (internal quotation marks and citation omitted).

In the absence of good cause, a court still has discretion to allow an extension of time to serve. See, e.g., Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007). Even where the statute of limitations has run on a claim, the Second Circuit has stated that it will not find an abuse of discretion in a district court's dismissal under Rule 4(m) "so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." Id. at 197.

Here, the original 120-day period for service has long since expired. The additional time period for service granted in the May 16, 2014 Order has also expired. Plaintiff has provided no proof that she has made any effort to effect service since April 16, 2014, when some of the defendants were served with a non-operative complaint. Nor has plaintiff made a request for a further extension of time for service. Further, she has not even responded to the Order to Show Cause of October 1, 2014, which gave her an opportunity to explain her failure to effect service. Therefore, no good cause exists to grant a further extension of time for service.

While the court retains discretion to grant an extension of time to effect service even in the absence of good cause, we find no reason why such discretion should be exercised in this case. Notably, it appears that the statute of limitations has not yet run on plaintiff's claim.[1] Thus plaintiff will be only minimally prejudiced by a dismissal. Yet another extension now would serve only to needlessly prolong this case.

Accordingly, the complaint should be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Alison J. Nathan at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Nathan. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citations omitted).

---

[1] Plaintiff apparently alleges a violation of her civil rights under 42 U.S.C. § 1983. See Third Am. Comp. at 2; Order to Amend, dated Jan. 2, 2014 (Docket #8), at 2. The statute of limitations for such claims is three years. See, e.g., Martinez v. City of New York, 476 F. Supp. 2d 330, 331 (S.D.N.Y. 2007) (citations omitted). Because the events giving rise to the cause of action occurred on November 22, 2012, see Third Am. Comp. at 3, the limitations period will not expire until next year.

Dated: October 27, 2014
   New York, New York

                _____
                GABRIEL W. GORENSTEIN
                United States Magistrate Judge